UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ESMERALDA MADRID,<br><br>        **Plaintiff,**<br><br>        v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>        **Defendant.** | Case No. EDCV 10-1288 AJW<br><br>MEMORANDUM OF DECISION |

Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for Supplemental Security Income benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Administrative Proceedings**

The parties are familiar with the procedural history of this case, which is summarized in the Joint Stipulation. [See JS 2]. In a written hearing decision that constitutes the final decision of the Commissioner, an administrative law judge ("ALJ") found that plaintiff had severe impairments consisting of obesity, type 2 diabetes mellitus, status post fracture of the left wrist, hypertension, and depressive disorder not otherwise specified. [JS 2; Administrative Record ("AR") 10]. The ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform the exertional requirements of light work, but that she is precluded

from climbing ladders, ropes, or scaffolds; working at heights; balancing; and performing forceful gripping, grasping, or twisting with her left hand. The ALJ also restricted plaintiff to "4- and 5-step moderately complex and habituated tasks" that do not involve responsibility for the safety of others or fast-paced work. [AR 11]. The ALJ concluded that plaintiff was not disabled because her RFC did not preclude her from performing work available in significant numbers in the national economy. [See JS 2; AR 16-17].

**Standard of Review**

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)(internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Soc. Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir.1999)).

**Discussion**

**Alternative work finding**

Plaintiff does not challenge the ALJ's RFC assessment or the manner in which he framed his hypothetical question. Plaintiff contends, however, that the ALJ erred in relying on the testimony of the vocational expert ("VE") in response to the ALJ's hypothetical question incorporating plaintiff's limitations that were supported by the record. Plaintiff contends that there are "apparent inconsistencies" between the VE's testimony in response to the hypothetical question and information in the Dictionary of Occupational Titles ("DOT"). Plaintiff argues that the ALJ erred in failing to acknowledge or reconcile the conflict in his decision, and that the vocational expert's testimony did not constitute substantial evidence supporting the ALJ's disability determination.

At step five of the sequential evaluation procedure, the Commissioner has the burden to establish

that there are a significant number of jobs in the national economy that the claimant can perform. The Commissioner may meet that burden by taking the testimony of a vocational expert, or by referring to the "grids." Tackett v. Apfel, 180 F.3d 1094, 1100-1101 (9th Cir. 1999). "Where the testimony of a VE is used at Step Five, the VE must identify a specific job or jobs in the national economy having requirements that the claimant's physical and mental abilities and vocational qualifications would satisfy." Osenbrock v. Apfel, 240 F.3d 1157, 1162-1163 (9th Cir. 2001).

An ALJ may not rely on a VE's testimony regarding the requirements of a particular job without first inquiring whether that testimony conflicts with job information in the DOT. Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007). A VE's "testimony may give rise to such a conflict in at least two different ways. First, the vocational expert may testify that a particular job requires a particular exertional or skill level, when the DOT expressly provides that the job requires a different exertional level." Carey v. Apfel, 230 F.3d 131, 144 n.2 (5th Cir. 2000). "A second, and different type of conflict may arise when the [VE's] testimony places the ALJ's finding with respect to the claimant's residual functional capacity or the claimant's specific impairments in conflict with the exertional or skill level or the specific skills required for the identified jobs in the DOT." Carey, 230 F.3d at 144 n.2.

Neither the DOT nor the VE's testimony "automatically trumps when there is a conflict." Massachi, 486 F.3d at 1153 (footnote omitted). The ALJ must obtain an explanation from the VE for any conflict and must then determine whether the explanation is reasonable, and whether a basis exists for relying on the expert rather than the DOT. Massachi, 486 F.3d at 1153; see Johnson v. Shalala, 60 F.3d 1428, 1428 (9th Cir. 1995) (stating that an ALJ may rely on expert testimony which contradicts the DOT "only insofar as the record contains persuasive evidence to support the deviation").

During the May 7, 2009 administrative hearing [AR 56-72], the ALJ posed hypothetical questions to the VE. One such question asked the VE to assume the existence of a right-hand dominant hypothetical individual with plaintiff's age, education, and prior work experience who can lift and carry up to ten pounds frequently and twenty pounds occasionally; cannot climb ladders, ropes or scaffolds, work at heights, balance, or perform forceful gripping, grasping, or twisting with the non-dominant left hand; can perform

1  occasional fine manipulation with the non-dominant left hand[1]; has no limitations with the dominant right
2  hand; and can "perform moderately complex tasks, four to five steps, habituated," but "should not be placed
3  in charge of the safety of others or required to do any fast-paced work." [AR 69].

4  he VE testified that such an individual could not perform plaintiff's past relevant work, but was not
5  precluded from performing the light, unskilled jobs of information clerk, DOT occupational code number
6  237.367-018; shoe packager, DOT occupational code number 920.687-166; and counter clerk, DOT
7  occupational code number 249.366-010. [AR 69-70]. The VE testified that those three jobs were not an
8  "exhaustive" list, but were "representative." [AR 70]. Asked whether his testimony was consistent with the
9  DOT, the VE testified that it was. [AR 70]. The ALJ relied on the VE's testimony to find that plaintiff could
10 perform the jobs identified by the VE and therefore was not disabled. [AR 16-17].

11 Plaintiff contends that there are apparent, unresolved inconsistencies between the occupational
12 definitions in the DOT for the jobs of counter clerk, shoe packager, and information clerk, and the VE's
13 testimony that a person with plaintiff's RFC could perform those jobs.

**Counter clerk**

15 Plaintiff argues that her RFC entirely precludes handling with the left hand, and therefore she cannot
16 perform the "occasional" handling required to perform the DOT job of counter clerk.

17 A limitation in the ability to grip, grasp, or twist is a limitation in "handling," which the
18 Commissioner defines as the ability to "seiz[e], hold[ ], grasp[ ], turn[ ], or otherwise work[ ] primarily with
19 the whole hand or hands . . . ." SSR 85-15, 1985 WL 56857, at *7. The DOT states that the job of counter
20 clerk requires handling (as well as reaching, and fingering) "occasionally," meaning up to one-third of the
21 time. [See JS, Exhibit B].

22 According to the Commissioner, reaching and handling are "required in almost all jobs. Significant

---

[1] The ALJ omitted the limitation to occasional fine manipulation with the left hand from his RFC finding. However, plaintiff acknowledged that the omission did not prejudice her because it was included in the ALJ's hypothetical question to the VE, upon whose testimony the ALJ relied to identify alternative jobs within plaintiff's RFC. See McLeod v. Astrue, — F.3d —, 2011 WL 1886355, *4-*5 (9th Cir. 2011) (holding that under the harmless error standard applicable to social security disability appeals, the record must show "a substantial likelihood of prejudice" to the party claiming error in order to warrant reversal and remand).

limitations of reaching or handling, therefore, may eliminate a large number of occupations a person could otherwise do. Varying degrees of limitations would have different effects, and the assistance of a VS may be needed to determine the effects of the limitations." SSR 85-15, 1985 WL 56857, at *7.

Consistent with SSR 85-15, the ALJ obtained VE testimony, and the VE identified jobs that a person with plaintiff's limitations can perform. Plaintiff has not demonstrated that an actual or apparent conflict exists between the VE's testimony and the DOT. Contrary to plaintiff's assertion, the ALJ did not preclude plaintiff from *all* handling with the left upper extremity. Instead, the ALJ's hypothetical question and his RFC finding posit an inability to perform "forceful gripping, grasping, or twisting with" the non-dominant left hand. [AR 11, 68-69]. The ALJ found that plaintiff could perform occasional fine manipulation with the left hand and had no limitation involving the dominant right hand. [AR 68-69]. The VE testified that the DOT job of counter clerk was compatible with the RFC described by the ALJ. [AR 68-69]. The VE also testified that his testimony was consistent with the DOT.

Plaintiff has not argued or shown that a person who has full use of the dominant right hand but cannot forcefully grip, grasp, or twist with left hand is unable to perform the "occasional" handling required for the DOT job of counter clerk. Neither the definition of handling nor the DOT in general "contain[s] any requirement of *bilateral* fingering ability or dexterity . . . ." Carey, 230 F.3d at 146. The DOT rates the relative level of "manual dexterity" and "finger dexterity" required to perform the job of counter clerk as equivalent to that possessed by the lowest third of the population, excluding the bottom ten percent. [JS, Exhibit B]. In other words, the DOT indicates that the job requires a relatively low degree of manual dexterity, which supports the inference that a partial limitation in handling with the non-dominant hand would not prohibit performance of that job.

Plaintiff argues that the VE "does not appear to have eroded the occupational base to account for the handling impairment," but plaintiff has not shown that any erosion of the light, unskilled occupational base was warranted. In SSR 96-9p, the Commissioner stated that

> [a]ny significant manipulative limitation of an individual's ability to handle and work with small objects with both hands will result in a significant erosion of the unskilled *sedentary* occupational base. . . . When the limitation is less significant, *especially if the limitation is in the non-dominant hand*, it may be useful to consult a vocational resource.

5

SSR 96-9p, 1996 WL 374185, at *8. The Commissioner's policy rulings do not suggest that such a limitation will significantly erode the *light* occupational base. In this case, of course, plaintiff is not restricted to sedentary work, her handling limitation involves only the non-dominant left hand, she is not totally precluded from handling with that hand, and the ALJ did consult a VE to ascertain the effects of that limitation.

Even the total loss of use of the dominant hand, such as that resulting from an amputation, does not necessarily preclude reliance on a VE's testimony that a claimant can perform jobs classified by the DOT as requiring some degree of handling and manual dexterity. The Fifth Circuit, for example, held that no apparent or actual conflict existed between the VE's testimony and the DOT where the VE testified that the claimant, who had no use of his non-dominant left hand due to amputation, could perform the light, unskilled jobs of cashier or ticket taker, and the DOT specified that both of those jobs require frequent handling (from one-third to two-thirds of the time) and manual dexterity equivalent to that possessed by in the lowest one-third of the population excluding the bottom ten percent. Carey, 230 F.3d at 145-146; see also Waite v. Bowen, 819 F.2d 1356, 1358, 1360-1361 (7th Cir. 1987) (holding that the ALJ permissibly relied on a VE's testimony that a claimant with no use of his non-dominant left arm could perform light and sedentary alternative jobs, including retail sales clerk, telephone operator, ticket agent, and crossing guard).

There was no conflict requiring resolution by the ALJ between the DOT and the VE's testimony that a person with plaintiff's limitations, including a preclusion against forceful gripping, grasping, and twisting, could perform the DOT job of counter clerk. Accordingly, the ALJ did not err in relying on the VE's testimony, which amounts to substantial evidence supporting the ALJ's finding that alternative jobs exist within plaintiff's RFC. The VE also testified that 1,400 counter clerk jobs were available in the regional economy (defined as Orange, Riverside, San Bernardino, and Los Angeles counties), and that 23,000 such jobs were available in the national economy. That number of alternative jobs is sufficient to support a finding of non-disability at step five. Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999) (holding that between 1000 and 1500 jobs in the local area was a significant number of jobs) (citing Barker v. Sec'y of Health & Human Servs., 882 F.2d 1474, 1479 (9th Cir. 1989)). Accordingly, it is unnecessary to consider plaintiff's contentions that the ALJ erred in relying on the VE's testimony that the jobs of information clerk and shoe packager are within plaintiff's RFC.

**Conclusion**

The Commissioner's decision is supported by substantial evidence and reflects application of the proper legal standards. Accordingly, the Commissioner's decision is **affirmed.**

**IT IS SO ORDERED.**

June 17, 2011

_____
ANDREW J. WISTRICH
United States Magistrate Judge